UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RICHARD LUPO | : | |
| | : | |
| vs. | : | C.A. NO.: |
| | : | |
| JOHN D. PRINSCOTT, M.D.; | : | |
| ASSOCIATES IN ANESTHESIA, INC.; | : | JURY TRIAL DEMANDED |
| and PROSPECT CHARTERCARE | : | |
| SJHSRI, LLC | : | |

## COMPLAINT

### PARTIES AND JURISDICTION

1. Plaintiff Richard Lupo is a resident of Swansea, Massachusetts.

2. Defendant John D. Prinscott, M.D. is a medical doctor who, upon information and belief, is a resident of the State of Rhode Island. He has at all relevant times held himself out to be a specialist in the field of anesthesia.

3. Defendant Associates in Anesthesia, Inc. is a corporation organized and existing under the laws of the state of Rhode Island. Its principal place of business is in the town of North Providence, where through its agents, servants, and employees, it has at all relevant times provided medical services in the field of anesthesia.

4. Defendant Prospect Chartercare SJHSRI, LLC is a corporation organized and existing under the laws of the State of Rhode Island, with its principal place of business in the Town of North Providence. It has at all times relevant to this action operated Our Lady of Fatima Hospital and provided health care services to the general public. At all times relevant to this action, defendant acted through its agents, servants, and employees.

5. Diversity jurisdiction is vested in this court by virtue of 28 U.S.C. §1332(a)(1).

6. The monetary amount claimed, exclusive of interest and costs, exceeds $75,000, and is sufficient to establish the jurisdiction of this Court.

## COUNT 1

7. On or about January 17, 2018, defendants undertook for valuable consideration to provide medical care to Richard Lupo. In particular, defendants provided anesthesia care. During a hip surgery performed at our Lady of Fatima Hospital on July 17, 2018

8. It then and there became the duty of defendants to exercise the degree of care and skill that was expected of reasonably competent medical care providers in the same class, acting in the same or similar circumstances.

9. Defendants breached this duty and were negligent in that they failed to exercise the requisite degree of care and skill in their diagnosis and treatment of Richard Lupo. In particular, defendants failed to properly assess and evaluate plaintiff's eyes, which were at an increased risk of injury, and failed to provide proper eye protection during the surgery, in conformity with the standard of care.

10. As a direct and proximate result of the negligence of defendants, plaintiff Richard Lupo sustained a laceration to right eye and other injuries, was severely and permanently injured, has suffered and will in the future suffer great pain of body, nerves, and nervous system, was rendered disabled, and plaintiff otherwise was and is injured.

WHEREFORE, plaintiff Richard Lupo demands judgment against defendants for compensatory damages, plus interest and costs.

## COUNT II

11. The allegations of paragraphs 6 through 9 of this Complaint are incorporated as if set forth here.

12. At all relevant times, John D. Prinscott M.D. was an agent or employee of defendant Associates in Anesthesia, Inc. and was acting within the scope of his agency or employment.

13. Defendant Associates in Anesthesia, Inc. is vicariously liable to plaintiff for the negligence of defendant John D. Prinscott, M.D.

WHEREFORE, plaintiff demands judgment against defendant Associates in Anesthesia, Inc. for compensatory damages, interest, and costs.

### COUNT III

14. The allegations of paragraphs 6 through 9 of this Complaint are incorporated as if set forth here.

15. During the course of and as a result of the treatment and care in question, plaintiff sustained serious bodily injury, including an eye laceration and was otherwise injured.

16. At all material times, defendants and/or their agents, servants, and employees were in exclusive control of plaintiff's body and of the equipment, personnel, and procedures used in the course of the diagnosis, treatment, and care in question.

17. Plaintiff is without knowledge as to the precise acts of negligence of defendants and/or their agents, servants, and/or employees which caused the aforesaid bodily injury and other damages.

18. Eye injuries of the type sustained by plaintiff in the course of his surgical treatment and care such as that in question do not ordinarily occur in the absence of negligence on the part of the person or persons in control of and/or participating in rendering such treatment and care.

19. As a direct and proximate result of defendants' negligence as aforesaid, plaintiff Richard Lupo was severely and permanently injured, has suffered and will in the future suffer great pain of body, nerves, and nervous system, was rendered disabled, and plaintiff otherwise was and is injured.

WHEREFORE, plaintiff Richard Lupo demands judgment against defendants for compensatory damages, plus interest and costs.

>RICHARD LUPO
>By his Attorneys,
>
>/s/ Peter J. Cerilli
>Peter J. Cerilli (#2650)
>FoleyCerilli, P.C.
>56 Pine Street, Suite 200
>Providence, RI 02903
>Telephone:  (401) 272-7800
>Facsimile:  (401) 274-2780
>peter@foleycerilli.com

Dated: February 14, 2020