UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RICHARD LUPO | : | |
| | : | |
| vs. | : | C.A. NO.: 1:20-cv-00080-JJM-LDA |
| | : | |
| JOHN D. PRINSCOTT, M.D.; | : | |
| NARRAGANSETT BAY ANESTHESA, | : | JURY TRIAL DEMANDED |
| LLC; PROSPECT CHARTERCARE | : | |
| SJHSRI, LLC; ASSOCIATES IN | : | |
| ANESTHESIA, INC., d/b/a ST. JOSEPH | : | |
| HOSPITAL SCHOOL OF NURSE | : | |
| ANESTHESIA, RACHEL FURMAN, M.D.,: | | |
| a/k/a RACHEL FRESCHET, M.D., and | : | |
| LEWIS L. OLAOLUWA | | |

## FIIFTH AMENDED COMPLAINT

### PARTIES AND JURISDICTION

1.  Plaintiff Richard Lupo is a resident of Swansea, Massachusetts.

2.  Defendant John D. Prinscott, M.D. is a medical doctor who, upon information and belief, is a resident of the State of Rhode Island. He has at all relevant times held himself out to be a specialist in the field of anesthesia.

3.  Defendant Narragansett Bay Anesthesia, LLC ("Narragansett Bay") is a corporation organized and existing under the laws of the state of Rhode Island. Its principal place of business is in the town of Cumberland, where through its agents, servants, and employees, it has at all relevant times provided medical services in the field of anesthesia.

4.  Defendant Prospect Chartercare SJHSRI, LLC ("Prospect") is a corporation organized and existing under the laws of the State of Rhode Island, with its principal place of business in the Town of North Providence. It has at all times relevant to this action operated Our

Lady of Fatima Hospital and provided health care services to the general public. At all times relevant to this action, defendant acted through its agents, servants, and employees.

5.  Defendant Associates in Anesthesia, Inc. is a corporation organized and existing under the laws of the state of Rhode Island with its principal place of business is in the town of North Providence, where through its agents, servants, and employees, it has at all relevant times provided medical services in the field of anesthesia. It also does business as St. Joseph Hospital School of Nurse Anesthesia. At all relevant times, its agents worked at Fatima Hospital.

6.  Rachel Furman, M.D., a/k/a Rachel Freschet, M.D. is a medical doctor who, upon information and belief, is a resident of the State of Rhode Island. She has at all relevant times held herself out to be a specialist in the field of anesthesia.

7.  Defendant Lewis L. Olaoluwa is a nurse anesthetist who, upon information and belief, is a resident of Georgia. He was at all relevant times a Student Registered Nurse Anesthetist at St Joseph Hospital School of Nurse Anesthesia and working at Fatima Hospital.

8.  Diversity jurisdiction is vested in this court by virtue of 28 U.S.C. §1332(a)(1).

9.  The monetary amount claimed, exclusive of interest and costs, exceeds $75,000, and is sufficient to establish the jurisdiction of this Court.

## COUNT I - NEGLIGENCE

10. On or about January 17, 2018, defendants undertook for valuable consideration to provide medical care to Richard Lupo. In particular, defendants provided anesthesia care during a hip surgery performed at our Lady of Fatima Hospital on January 17, 2018.

11. It then and there became the duty of defendants to exercise the degree of care and skill that was expected of reasonably competent medical care providers in the same class, acting in the same or similar circumstances.

12. Defendants breached this duty and were negligent in that they failed to exercise the requisite degree of care and skill in their assessment, diagnosis, and treatment of Richard Lupo. In particular, defendants failed to properly assess and evaluate plaintiff's eyes, which were at an increased risk of injury, and failed to provide proper eye protection during the surgery, in conformity with the standard of care.

13. As a direct and proximate result of the negligence of defendants, plaintiff Richard Lupo sustained a laceration to right eye and other injuries, was severely and permanently injured, has suffered and will in the future suffer great pain of body, nerves, and nervous system, was rendered disabled, and plaintiff otherwise was and is injured.

WHEREFORE, plaintiff Richard Lupo demands judgment against defendants for compensatory damages, plus interest and costs.

## COUNT II - VICARIOUS LIABILITY

14. The allegations of paragraphs 10 through 13 of this Complaint are incorporated as if set forth here.

15. At all relevant times, John D. Prinscott M.D. was an agent or employee of defendant Narragansett Bay Anesthesia, LLC and was acting within the scope of his agency or employment.

16. Defendant Narragansett Bay Anesthesia, LLC is vicariously liable to plaintiff for the negligence of defendant John D. Prinscott, M.D.

17. Defendant Olaoluwa was an agent, servant or employee of Associates in Anesthesia, Inc. and was acting within the scope of his agency. Defendant Associates in Anesthesia, Inc. is vicariously liable for his negligence.

18.     Defendants Prinscott, Furman, and Olaoluwa were apparent agents of Fatima Hospital, and consequently, defendant Prospect Chartercare SJHSRI is vicariously liable to plaintiff for their negligence.

19.     Defendants Narragansett Bay Anesthesia, LLC, Prospect Chartercare SJHSRI, LLC, and Associates in Anesthesia, Inc. are vicariously liable to plaintiff for the negligence of their agents, servants, or employees.

WHEREFORE, plaintiff demands judgment against defendant Narragansett Bay Anesthesia, LLC, Prospect Chartercare SJHSRI, LLC, and Associates in Anesthesia, Inc. for compensatory damages, interest, and costs.

## COUNT III - RES IPSA LOQUITUR

20.     The allegations of paragraphs 10 through 19 of this Complaint are incorporated as if set forth here.

21.     During the course of and as a result of the treatment and care in question, plaintiff sustained serious bodily injury, including an eye laceration, and was otherwise injured.

22.     At all material times, all defendants and/or their agents, servants, and employees were in exclusive control of plaintiff's body and of the equipment, personnel, and procedures used in the course of the diagnosis, treatment, and care in question.

23.     Plaintiff is without knowledge as to the precise acts of negligence of defendants and/or their agents, servants, and/or employees which caused the aforesaid bodily injury and other damages.

24.     Eye injuries of the type sustained by plaintiff, in the course of the surgical treatment and care such as that in question, do not ordinarily occur in the absence of negligence

on the part of the person or persons in control of and/or participating in rendering such treatment and care.

25. As a direct and proximate result of defendants' negligence as aforesaid, plaintiff Richard Lupo was severely and permanently injured, has suffered and will in the future suffer great pain of body, nerves, and nervous system, was rendered disabled, and plaintiff otherwise was and is injured.

WHEREFORE, plaintiff Richard Lupo demands judgment against defendants for compensatory damages, plus interest and costs.

>RICHARD LUPO
>By his Attorneys,
>
>/s/ Peter J. Cerilli
>Peter J. Cerilli (#2650)
>FoleyCerilli, P.C.
>56 Pine Street, Suite 200
>Providence, RI 02903
>Telephone:  (401) 272-7800
>Facsimile:  (401) 274-2780
>peter@foleycerilli.com

Dated: August 4, 2021

**CERTIFICATE OF SERVICE**

I hereby certify that on August 4, 2021, I electronically filed this document with the Clerk of the Court for the United States District Court for the District of Rhode Island by using the CM/ECF system.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

>/s/ Peter J. Cerilli